# UNITED STATES DISTRICT COURT
for the
District of South Dakota

In the Matter of the Search of: )
)       Case Number: 5:23-mj-167
USA vs. 23-160-05 )
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See "Attachment A", which is attached to and incorporated in this Application and Affidavit

located in the District of _____ South Dakota _____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE Affidavit in Support of Application for Search Warrant and "ATTACHMENT B", which are attached to and incorporated in this Application and the Affidavit in support

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A) | Conspiracy to Distribute a Controlled Substance |

The application is based on these facts:
- ☒ Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.
- ☐ Your applicant requests that no notice be given prior to the execution of the search warrant, i.e., "no knock", the basis of which is set forth in the attached affidavit.
- X Your applicant requests authorization to serve the search warrant any time day or night pursuant to Fed. R. Crim. P. 41(e)(2)(A)(ii), the basis of which is set forth in the attached affidavit.

_____
*Applicant's signature*

Brian Healy, Special Agent, FBI
_____
*Printed name and title*

Sworn to before me and: ☑ signed in my presence.
☐ submitted, attested to, and acknowledged by reliable electronic means.

Date: 8-21-23

_____
*Judge's signature*

City and state: Rapid City, SD

Daneta Wollmann, U.S. Magistrate
_____
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
District of South Dakota

In the Matter of the Search of:        )

USA vs. 23-160-05              )     Case Number:    5:23-mj-167
                                    )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of __South Dakota__ *(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A, attached hereto and incorporated by reference

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence of a crime of second degree murder, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A), as described in ATTACHMENT B, attached hereto and incorporated by reference.

      **YOU ARE COMMANDED** to execute this warrant on or before ~~August~~ September 4, 2023 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Daneta Wollmann__.
                                                 *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
      for __ ____ days *(not to exceed 30)*.    ☐ until, the facts justifying, the later specific date of _____.

☐ I find that good cause has been established to authorize the officer executing this warrant to not provide notice prior to the execution of the search warrant, i.e., "no knock".

Date and time issued: __8-21-23  2:40 pm__       _____
                                                   *Judge's signature*

City and state:    __Rapid City, SD__           __Daneta Wollmann, U.S. Magistrate__
                                               *Printed name and title*

cc: AUSA Nelson - clr

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>5:23-mj-167 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH META PLATFORMS, INC. USERS THAT IS STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC.<br><br>USA v. Evan Brown Bull | Case No. _5:23-mj-167_<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

State of South Dakota  )
                       )
County of Pennington   )

I, Brian Healy, Special Agent (SA) of the Federal Bureau of Investigation (FBI) being duly sworn, states as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have held this position since June 2022. Prior to working for the FBI, I worked as an Officer for the United States Secret Service for four years. I attended and successfully completed the FBI Academy in 2022.

2. I affirm that I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7) and authorized by law to conduct investigations and make arrests for offenses in Titles 8, 18 and 21 of the United States Code. I am a "Federal law enforcement officer" within the meaning of Fed. R. Crim. P. 41(a)(2)(C) and (b).

3. The information set forth below is based upon my knowledge of an investigation conducted by the FBI and the investigation of other law enforcement agents and officers. I have not included each and every fact obtained pursuant to this

investigation but have set forth those facts that I believe are essential to establish the necessary probable cause for the issuance of the search warrant.

4. I make this affidavit in support of an application for a search warrant to search the Target Account, more fully described in Attachment A (incorporated herein), for location information, more fully described in Attachment B (incorporated herein), in order to locate a federal fugitive. As a result of a federal indictment, a federal arrest warrant was issued on July 21, 2023, for Evan Brown Bull, who has been charged with conspiracy to distribute a controlled substance in violation of 21 USC 846, 841 (a)(1) and 841 (b)(1 )(A).

5. The Target Account is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., (hereinafter referred to as "Facebook"), a social networking company headquartered at 1601 Willow Road, Menlo Park, CA 94025. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(l)(A) and 2703(c)(l)(A) to require Facebook to disclose to the government records and other information in its possession, pertaining to the subscriber(s) or customer(s) associated with the user ID:

> **https://www.facebook.com/profile.php?id=100089608519443**
> **Display name: Evan Brown Bull**
> **FB ID# 100089608519443**

6. The facts set forth in this Affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This Affidavit does not purport to set forth all of my knowledge of or investigation into this matter. Rather, this

2

Affidavit is intended to show that there is probable cause to believe that the requested information and data, more fully described in Attachments A and B, will lead to the arrest of Evan Brown Bull for a violation of 21 USC 846, 841 (a)(1) and 841 (b)(1 )(A), conspiracy to distribute a controlled substance.

## STORED WIRE AND ELECTRONIC COMMUNICATION ACCESS

7. Title 18, United States Code, Chapter 121, Sections 2701 through 2711, is entitled "Stored Wire and Electronic Communications and Transactional Records Access."

    a.    Title 18, United States Code, Section 2703(a) provides, in part:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal ProcedU1·e by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

    b.    Title 18, United States Code, Section 2703(b) provides, in part:

> (I) A governmental entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection -
>
> > (A) without required notice to the subscriber or customer, if the

3
                      ☐.

governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant

(2)   Paragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service-

(A)   on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computer service; and

(B)   solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

c.   The government may also obtain records and other information pertaining to a subscriber to or customer of electronic communication service or remote computing service by way of a search warrant. *See* 18 U.S.C. § 2703(c)(1)(A). No notice to the subscriber or customer is required. *See* 18 U.S.C. § 2703(c)(3).

d.   The statute permits the warrant to be served on the provider, who will then disclose the relevant records to the officer, who need not be onsite at the time the search is executed. Title 18, United States Code, Section 2703(g), provides, in part:

Presence of Officer Not Required – Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records

4

or other information pertaining to a subscriber to or customer of such service.

e.   Title 18, United States Code, Section 2711, provides, in part:

As used in this chapter -
   (1)   the terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section;
   (2)   the term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

f.   Title 18, United States Code, Section 2510, provides, in part:

(8) "contents," when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication; ...

(14) "electronic communications system" means any wire, radio, electromagnetic, photo-optical or photo- electronic facilities for the transmission of wire or electronic communications, and any computer facilities or 1·elated electronic equipment for the electronic storage of such communications; ...

(15) "electronic communication service" means any service which provides to users thereof the ability to send or receive wire or electronic communications; ...

(17)   "electronic storage" means -

(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and

(B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

5

## FACEBOOK TECHNICAL BACKGROUND

8. Facebook owns and operates a free-access social networking website of the same name that can be accessed at http://www.facebook.com. Facebook allows its users to establish accounts through which users can share written news, photographs, videos, and other information with other Facebook users, and sometimes with the general public.

9. Facebook asks users to provide basic contact information, either during the registration process or thereafter. This information may include the user's full name, birth date, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers. Facebook also assigns a user identification number to each account.

10. Facebook users can select different levels of privacy for the communications and information associated with their Facebook accounts. By adjusting these privacy settings, a Facebook user can make information in the user's account available only to himself or herself, to other specified Facebook users, to all Facebook users, or to anyone with access to the Internet, including people who are not Facebook users. Facebook accounts also include other account settings that users can adjust to control, for example, the types of notifications they receive from Facebook. Depending on the user's privacy settings, Facebook may also obtain and store the physical location of the user's device(s) as they interact with the Facebook service on those device(s).

11. Facebook users can create profiles that include photographs, lists of

6

personal interests, and other information. Facebook users can also post "status" updates about their whereabouts and actions, as well as links to videos, photographs, articles, and other items available elsewhere on the Internet. Facebook users can also post information about upcoming "events," such as social occasions, by listing the event's time, location, host, and guest list. A particular user's profile page also includes a "Wall," which is a space where the user and his or her "Friends" can post messages, attachments, and links that will typically be visible to anyone who can view the user's profile.

12.    Facebook has a Photos application, where users can upload an unlimited number of albums and photos. Another feature of the Photos application is the ability to "tag" (i.e., label) other Facebook users in a photo or video. When a user is tagged in a photo or video, he or she receives a notification of the tag and a link to see the photo or video.

13.    Facebook users can exchange private messages on Facebook with other users. These messages, which are similar to e-mail messages, are sent to the recipient's "Inbox" on Facebook, which also stores copies of messages sent by the recipient, as well as other information. Facebook users can also post comments on the Facebook profiles of other users or on their own profiles; such comments are typically associated with a specific posting or item on the profile.

14.    In addition to the applications described above, Facebook also provides its users with access to thousands of other applications on the Facebook platform. When a Facebook user accesses or uses one of these

7

applications, an update about that the user's access or use of that application may appear on the user's profile page.

15. Each Facebook account has an activity log, which is a list of the user's posts and other Facebook activities from the inception of the account to the present. The activity log includes stories and photos that the user has been tagged in, as well as connections made through the account, such as "liking" a Facebook page or adding someone as a friend. The activity log is visible to the user but cannot be viewed by people who visit the user's Facebook page.

16. Facebook also has a Marketplace feature, which allows users to post free classified ads. Users can post items for sale, housing, jobs, and other items on the Marketplace.

17. Facebook also retains IP address logs for a given user ID or IP address. These logs may contain information about the actions taken by the user ID or IP address on Facebook, including information about the type of action, the date and time of the action, and the user ID and IP address associated with the action.

18. Social networking providers like Facebook typically retain additional information about their users' accounts, such as information aboutthe length of service (including start date), the types of service used, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, Facebook users may communicate directly with Facebook about issues relating to their

8

account, such as technical problems, billing inquiries, or complaints from other users. Social networking providers like Facebook typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

19. Therefore, the computers of Facebook are likely to contain all the material just described, including stored electronic communications and information concerning subscribers and their use of Facebook, such as account access information, transaction information, and account application.

## PROBABLE CAUSE

20. Evan Brown Bull was indicted in July 2023 and charged with the federal offense of conspiracy to distribute a controlled substance, in violation of 21 USC §§ 846, 841(a)(1), and 841(b)(1)(A). See 5:23-CR-50111. On July 21, 2023, an arrest warrant was issued for Brown Bull. *Id.*

21. The whereabouts of Evan Brown Bull are currently unknown.

22. Evan Brown Bull's Facebook account has been identified to have the following information:

**https://www.facebook.com/profile.php?id=100089608519443**

**Display name: Evan Brown Bull**

**FB ID# 100089608519443**

23. The publicly available information on this Facebook account shows Brown Bull has been active on Facebook as recently as June 26, 2023.

9

24.  Sensitive sources of information report that Evan Brown Bull uses the messenger application of Facebook as a communication mode.

25.  Your affiant believes there is probable cause to search Brown Bull's Meta Platforms, Inc. accounts. This is based on the Facebook data that indicate Brown Bull actively communicates with others using his Facebook account and messenger application.  A search into Brown Bull's Meta Platforms, Inc. accounts would provide corresponding geo location history as to where Brown Bull's location is.

26.  Your affiant is aware that if Brown Bull's location services are enabled, Meta Platforms, Inc.  will provide a geolocation history of Brown Bull's phone.

27.  Your affiant is requesting a search warrant authorizing the search and seizure of Brown Bull's Meta Platforms, Inc.  account. Your affiant believes there is probable cause to search the account based on the information outlined above.

**AUTHORIZATION REQUESTS**

28. I request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the  warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Account would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(l).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search

10

warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C.§ 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

29. I further request that, pursuant to the preclusion of notice provisions of 18 U.S.C. §§ 2703(b)(l)(A) & 2705(b), the Court order Facebook not to notify any person (including the subscribers or customers to whom the materials relate) of the existence of this Application, the warrant, or the execution of the warrant, for the earlier of six months from the date of the Court's Order or upon notice by the government within 30 days of the conclusion of its investigation, unless the Court extends such period under 18 U.S.C. § 2705(b). Facebook may disclose this Order to an attorney for the purpose of receiving legal advice. Non-disclosure is appropriate in this case because the Court's Order relates to an ongoing criminal investigation that is neither public nor known to all of the target(s) of the investigation, and its disclosure may alert the targets to the existence of the investigation. There is accordingly reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b).

11

30.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Account outside of daytime hours.

## CONCLUSION

31.    Based on the facts set forth in this Affidavit, I submit that there is probable cause to believe that the requested information and data, more fully described in Attachments A and B, will lead to the arrest of Brown Bull.

Dated: 8/21/2023

_____
Brian Healy, Special Agent
Federal Bureau of Investigation


Sworn to before me and:
☑ signed in my presence.
☐ submitted, attested to, and acknowledged by reliable electronic means.

this 21st day of August, 2023.

_____
Daneta Wollmann
United States Magistrate Judge

12

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Meta Platforms, Inc. USER ID:

**https://www.facebook.com/profile.php?id=100089608519443**

**Display name: Evan Brown Bull**

**FB ID# 100089608519443**

which is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered at 1601 Willow Road, Menlo Park, California.

## ATTACHMENT B

## Particular Things to Be Seized

I.    **Information to be disclosed by Facebook, Inc. ("Facebook")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Facebook, Facebook is required to disclose the following information to the government for each User ID listed in Attachment A:

(a)    All physical location data collected by Facebook for the user of the account, including any data collected by Facebook's location services via the user's mobile phone or other device, on a real-time or near-real time basis. Facebook is required to provide any such data they collect, regardless of the time of day.

II.    **Information to be seized by the government**

(a)    All data disclosed by Facebook pursuant to this attachment. This data shall be made accessible by the provider to the FBI 24 hours a day and seven days a week, day or night, and/or emailed to FBI Special Brian Healy at bhealy@fbi.gov.

III.    **Time for production by provider**

The provider shall begin producing the information required by this attachment upon receipt of service of the warrant.

IV.    **Duration of production**

The provider shall produce the information required by this attachment or a period of thirty (30) days from the date of issuance of this warrant.